Robert B. Owens, Esq. (Bar No. 77671)
rowens@ogrlaw.com
OWENS & GACH RAY
10323 Santa Monica Blvd., Suite #102
Los Angeles, CA 90025
Ph: (310) 553-6611
Fax: (310) 954-9191

Craig S. Hilliard, Esq.
(Admitted Pro Hac Vice)
chilliard@stark-stark.com
STARK & STARK, P.C.
993 Lenox Drive, Bldg. Two
Lawrenceville, NJ 08648
Ph: (609) 895-7346
Fax: (609) 895-7395
(PRO HAC VICE APPLICATION GRANTED)

*Attorneys for Plaintiffs*
*Mon Cheri Bridals, LLC and*
*Maggie Sottero Designs, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:18-CV-09453-MWF-AS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

1

Plaintiffs, Mon Cheri Bridals, LLC and Maggie Sottero Designs, LLC (collectively "Plaintiffs"), filed this action on November 7, 2018 against Cloudflare, Inc. ("Cloudflare") seeking damages and equitable relief arising out of claims of contributory copyright infringement. Dkt. 1. The parties agreed to a Stipulation which extended the deadline for Cloudflare's response to the Complaint to January 16, 2019.

On January 16, 2019, Cloudflare filed a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Dkt. 23. Under a Stipulation and Order approved by the Court, Plaintiffs' opposition to the motion is due on February 1, 2019, and a hearing is scheduled for March 4, 2019.

Plaintiffs will be filing a First Amended Complaint by February 6, 2019. Under Fed.R.Civ.P. 15(a), Plaintiffs have the right to file an amended Complaint within 21 days after a defendant's service of a motion to dismiss under Fed.R.Civ.P. 12(b). That 21-day period will expire on February 6, 2019, and accordingly Plaintiffs are advising the Court that they will be filing their First Amended Complaint on or before February 6, 2019.

The filing of this First Amended Complaint will moot Cloudflare's pending motion to dismiss under Rule 12(b)(6). "The general rule … is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier,* 238 F.3d 567, 573 (4th Cir. 2001). *See also Lacey v. Maricopa County,* 693 F.3d 896, 925 (9th Cir. 2012) ("Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case"); *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) (when an amended complaint is filed "the new complaint supersedes all previous complaints and controls the case from that point forward"). Accordingly, any pending motion to dismiss that superseded pleading is rendered moot. *See, e.g., Ramirez v. County of San Bernardino,* 806 F.3d 1002 (9th Cir. 2015); *Ellipso, Inc. v. Mann,* 460 F.Supp.2d 99, 103 (D.D.C. 2006)(denying pending motion to dismiss complaint without prejudice so that moving party can re-file motion based on the amended pleading); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.,* 795 F.Supp.2d 365, 367

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

(D. Md. 2011)(denying motion to dismiss complaint as moot after amended complaint properly filed).

    Accordingly, for all of the foregoing reasons, Cloudflare's motion to dismiss should be denied without prejudice as moot.

Dated:  February 1, 2018                     OWENS & GACH RAY

                                      By  /s/ *Robert B. Owens*
                                         Robert B. Owens, Esq.
                                         Attorneys for Plaintiffs