Robert B. Owens, Esq. (Bar No. 77671)
rowens@ogrlaw.com
OWENS & GACH RAY
10323 Santa Monica Blvd., Suite #102
Los Angeles, CA 90025
Ph: (310) 553-6611
Fax: (310) 954-9191

Craig S. Hilliard, Esq.
(Admitted Pro Hac Vice)
chilliard@stark-stark.com
STARK & STARK, P.C.
993 Lenox Drive, Bldg. Two
Lawrenceville, NJ 08648
Ph: (609) 895-7346
Fax: (609) 895-7395
(PRO HAC VICE APPLICATION GRANTED)

*Attorneys for Plaintiffs*
*Mon Cheri Bridals, LLC and*
*Maggie Sottero Designs, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**CLOUDFLARE, INC., a Delaware corporation; and DOES 1-10, Inclusive,**<br><br>**Defendants.** | **Case No. 2:18-CV-09453-MWF-AS**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CLOUDFLARE, INC.'S MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF CALIFORNIA** |

1

## **PRELIMINARY STATEMENT**

This is a contributory copyright infringement case brought by prominent dress manufacturers against defendant Cloudflare, Inc. ("Cloudflare") arising out of Cloudflare's deliberate actions in refusing to remove infringing websites and images from its content delivery network platform despite thousands of proper DMCA takedown notices and demands. While Cloudflare attempts to distance itself from the infringing websites it supports on its platform, Cloudflare's own literature and explanation of its services illustrates that web users who visit a Cloudflare client's infringing website are actually visiting a mirror image of the website stored on one of Cloudflare's many data centers.

Therefore, the infringing content is physically and tangibly stored and located on Cloudflare's data servers, which serve as a type of proxy for the infringing website, even though the original content is simultaneously maintained and stored by the infringing website's host server of choice. Cloudflare supports, encourages, and materially contributes to the infringing activities of its clients by allowing internet browsers to access the infringing content faster and more securely than if the infringers were not afforded Cloudflare's platform and services.

Cloudflare now seeks to disturb Plaintiffs' choice of forum, arguing that the case should be transferred to the Northern District of California, which is allegedly more convenient for its anticipated party witnesses. That argument, however, is belied by Cloudflare's participation in and defense of an almost identical contributory copyright infringement suit filed in the Central District of California in 2016. Cloudflare vigorously defended that lawsuit from 2016 to 2018, participated in all aspects of discovery and depositions, and not once complained about the venue. In fact, Justin Paine, Cloudflare's key witness and declarant in support of Cloudflare's motion to transfer venue, was intimately involved in the prior suit. Now, only a few months after the conclusion of that case, Cloudflare attempts to manufacture "inconvenience" in support of a transfer motion.

Particularly since Cloudflare's home in San Francisco is such a short distance from the Central District, any potential inconvenience to Cloudflare's witnesses is *de minimis*.

Having presented no compelling reason to upend Plaintiffs' choice of venue, Cloudflare has not carried its burden to demonstrate inconvenience warranting transfer.

## PERTINENT FACTUAL BACKGROUND

On July 11, 2016, ALS Scan, Inc., a Maryland corporation, filed suit against Cloudflare, Inc. alleging multiple causes of action, including contributory copyright infringement. *See* Complaint filed in *ALS Scan, Inc. v. Cloudflare, Inc., et al*., Case No. 2:16-cv-5051 ("*ALS Scan Action*"), attached to the Declaration of Craig S. Hilliard, Esq. (the "Hilliard Decl.") as **Exhibit A**. Cloudflare litigated the case for two years in this District, participated in extensive discovery, produced witnesses for deposition, and filed numerous substantive motions. *See* printout of the Civil Docket for Case No. 2:16-cv-5051, attached to the Hilliard Decl. as **Exhibit B**. Depositions of Cloudflare's witnesses were taken in San Francisco and Justine Paine, Head of Trust & Safety at Cloudflare, was integrally involved in Cloudflare's defense and submitted numerous declarations in support of Cloudflare's positions. *See* Declaration of Jay M. Spillane, attached to the Hilliard Decl. as **Exhibit C**, at ¶¶ 4-6; *see also* Declaration of Justin Paine attached to the Hilliard Decl. as **Exhibit D**.

More importantly, in answering ALS Scan's Third Amended Complaint, Cloudflare admitted that it conducts business activities in this District. *See* Cloudflare's Answer to Third Amended Complaint in the *ALS Scan Action*, attached to the Hilliard Decl. as **Exhibit E**, at ¶ 2. And Cloudflare has confirmed, in this suit, that it maintains a data center in Los Angeles, California. *See* Declaration of Justin Paine In Support of Cloudflare's Motion to Transfer Case (the "Paine Decl."), at ¶ 11. It is Cloudflare's "business activity" and data center in this District that gives rise to Plaintiffs' claims for contributory infringement. Plaintiffs have alleged that Cloudflare knowingly enables, induces, supports, and materially contributes to its web clients' infringement by and through maintaining "cache mirror copies" of its clients' infringing websites on its data center servers after receiving notice of the infringement and thereafter making infringing content available and accessible to internet users visiting the clients' websites. *See* Complaint at ¶¶ 21-34.

For the reasons outlined below, the competing interests and relevant factors weigh heavily *against* transfer.

## **LEGAL ARGUMENT**

## **I.    VENUE IS PROPER IN THE CENTRAL DISTRICT AND DEFENDANT CLOUDFLARE'S REQUEST TO TRANSFER VENUE SHOULD BE DENIED**

A district court may transfer a case pending before it "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, the district court has discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (citation omitted)).

In considering motions to transfer venue under this section, courts look to: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Kasey v. Molybdenum Corp.*, 408 F.2d 16, 20 (9th Cir. 1969). The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). To prevail, movant must satisfy this *heavy* burden of showing a "clear balance of inconveniences" against it if the action remains in the original venue, *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979), and a motion to transfer should be denied if the moving party merely prefers another forum. *See Johnson v. Law*, 19 F. Supp. 3d 1004, 1010-11 (S.D. Cal. 2014).

A motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue "whether and where" an action may be properly litigated. It relates solely to the question where, between two or more proper fora, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties. *Injen Tech. Co., Ltd. v. Advanced Engine Mgmt., Inc.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003). Factors relevant to this determination include "1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's

cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99.  That said, "[u]nless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed." *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

There is no dispute that Plaintiffs could have brought this suit in the Northern District of California, and therefore, Plaintiffs' arguments will focus on the pertinent convenience and fairness factors.

### A.     Convenience of the Parties

The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.  *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir.1986). The Court ordinarily begins with "a strong presumption in favor of plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

In judging the weight to be given to a plaintiff's choice of forum, "consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to [plaintiff's] cause of action." *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  Here, Plaintiffs' choice of forum should be afforded substantial weight because Cloudflare performs business in this District and maintains a local data center here, which provides the means and methods for the contributory infringing conduct alleged by Plaintiffs.  *See* Cloudflare's Answer to Third Amended Complaint in the ALS Action, Exh. E to the Hilliard Decl., at ¶ 2; *see also* Paine Decl., at ¶ 11; Complaint at ¶¶ 21-34.

To be sure, Cloudflare is no stranger to the courts in this District having litigated just as many cases here as in the Northern District.  *See* printouts of Docket Searches, attached to the Hilliard Decl. as **Exhibit F**.  As a billion dollar company, Cloudflare cannot legitimately claim any type of pecuniary prejudice from having to defend Plaintiffs' claims here, which is a short trip from its home in the neighboring Northern District.

The only conceivable inconvenience to Cloudflare in defending this action in this District is the travel and expense of its attorneys who are located in Santa Clara County.  Higher costs for legal representation because of counsel's locations are not inconvenience factors to be considered on a motion to transfer venue.  *Gelber v. Leonard Wood Mem'l for the Eradication of Leprosy*, No. C 07-01785 JSW, 2007 U.S. Dist. LEXIS 47535, at *10 n.2 (N.D. Cal. June 21, 2007); *see, e.g., In re Horseshoe Ent*., 305 F.3d 354, 358 (5th Cir. 2002) (finding that the factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue); *Solomon v. Cont'l Am. Life Ins. Co*., 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (noting that § 1404(a) does not provide the convenience of counsel as a factor to be considered).

Cloudflare's admitted contacts with this forum, therefore, weigh heavily against transfer. Plaintiffs' contacts with this forum are no greater or less than those with the proposed forum, and therefore, are neutral.

### B.    Convenience of the Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp*., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation removed). "In balancing the convenience of witnesses, courts must consider not only the number of witnesses, but also the nature and quality of their testimony." *Catch Curve, Inc. v. Venali, Inc*., 2006 U.S. Dist. LEXIS 96379, at *3 (C.D. Cal. Feb. 27, 2006).   Transfer is inappropriate if it "would merely shift rather than eliminate the inconvenience" to the parties and their witnesses.  *Decker Coal*, 805 F.2d at 843.  Here, Cloudflare's main argument in support of transfer is that Cloudflare's key witnesses and company personnel are situated in the Northern District and litigating in the Central District would be costlier for Cloudflare and burdensome for its employees who would need to make travel plans and spend time away from home.

*First*, as an initial matter, this Court must discount the inconvenience to Defendant's "key witnesses and company personnel" such as Albert Lee Guinn and Justin Paine, *see* Paine Decl. at

6

¶ 10, because they are party witnesses.  *Clark v. Sprint Spectrum L.P.*, 2010 U.S. Dist. LEXIS 136510, 2010 WL 5173872, at *3 (N.D. Cal. Dec. 15, 2010) ("The convenience of non-party witnesses is a more important factor than the convenience of the parties.").  This is especially true when, as here, the party witnesses are employed by the defendant.  *See Garlough v. Trader Joe's Co.*, 2015 U.S. Dist. LEXIS 102747, at *4 (N.D. Cal. Aug. 4, 2015) ("While the convenience of current . . . employees certainly favors transfer, current employees are party witnesses, and their convenience is weighed less heavily than that of non-party witnesses.").  Moreover, Cloudflare is a large company with vast resources and wide reach – it cannot plausibly claim any type of financial hardship from having to litigate in the *same* state where it maintains its corporate headquarters.  Notably, Plaintiffs did not bring suit in Utah or New Jersey, but rather are litigating on Cloudflare's home turf.

    *Second*, and more importantly, the actual inconvenience imposed on Cloudflare's identified witnesses will likely be very small.  The two identified witnesses will only be inconvenienced and forced to travel in the event of a trial.  Pretrial discovery involving these two witnesses, including depositions, can be held in San Francisco just like in the *ALS Scan Action*.

    Therefore, any potential inconvenience to Cloudflare's witnesses would only arise in the event of a trial and even then would be tempered by the fact that they are party witnesses.  As such, this factor weighs against transfer.

## C. Third Party Witnesses

    Depositions of Cloudflare's employee witnesses could take place in San Francisco thus alleviating Cloudflare's concerns over its employees' travel and time away from home.  Potential third party witnesses, such as internet users, customers, and visitors of the infringing sites and infringing content that Cloudflare maintains on its network are located all throughout the United States and would have no greater relationship with the Northern District than the Central District.  As such, from the perspective of potential third party witnesses it makes no difference whether this case is venued in this District or up north.  Indeed, Cloudflare's motion makes no argument otherwise.  Accordingly, this factor is neutral and does not militate in favor of transfer.

//////

### D.   Records & Documents

Cloudflare is a technology company.  It strains credulity to suggest that there would be any increased burden on Cloudflare to produce documents should this case stay in the Central District.  Whether this case is venued in the Central District or the Northern District, Cloudflare is still going to have to answer written discovery as well as search for and produce responsive documents.   The mere fact that Cloudflare's records and documents are located at its San Francisco headquarters does not affect venue because Cloudflare does not claim, nor could it, any difficulty in locating and producing relevant documentary evidence should this case stay in the Central District.

### E.   Docket Congestion

The key inquiry in docket congestion is "whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).  While Cloudflare contends that judicial vacancies in the Central District weigh in favor of transfer, the judicial caseload profile for both districts tells a different story.  Despite the Central District's heavier caseload, the average time for civil cases to reach trial is 21.3 months compared to the lengthier 30 months in the Northern District.  *See* Printouts of Federal Court Management Statistics – Profiles, Unites States Courts (September 30, 2018) for California Northern and Central Districts, attached to the Hilliard Decl. as **Exhibit G**.

Therefore, Plaintiffs will likely receive a speedier trial in their chosen forum than in the Northern District.  Accordingly, this factor weighs against transfer.

### F.   Interests of Justice

The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).   Factors relevant to the Court's "interests of justice" analysis are the forum's familiarity with the governing law; plaintiff's choice of forum; differences in the costs of litigation in the two forums; the ease of access to sources of proof; and the relevant public policy, if any, of the forum state. *Jones*, 211 F.3d at 498-99.

8

All of these factors are neutral but for plaintiff's choice of forum, which militates against transfer.  This Court is just as familiar with copyright law as the Northern District and there is no appreciable difference in the costs of litigating in either forum.  Furthermore, the relevant public policy of both fora is the same.  Accordingly, the interests of justice will not be served by the proposed transfer because the time, energy, and resources Cloudflare will have to expend in defending this suit in this District are substantially the same as in the Northern District.  And Cloudflare cannot credibly claim any type of "unnecessary inconvenience and expense" in this suit after defending an identical lawsuit in this District over the last few years without once complaining about the venue.

Therefore, this factor weighs against transfer.

## CONCLUSION

Evaluation and consideration of all the relevant factors leads to the inescapable conclusion that transfer is not warranted.  Plaintiffs' claims have a nexus to this forum by and through Cloudflare's data center located within this District, which is the mechanism through which Cloudflare contributorily infringes on Plaintiffs' protected copyrights.  Moreover, Cloudflare conducts business in this District and would not in any appreciable or legally cognizable way be inconvenienced by having to defend against Plaintiffs' meritorious claims, especially after having litigated an almost identical case for two years in this District.

For all of the foregoing reasons, Cloudflare's motion to transfer should be denied.

Dated:  February 1, 2018                    OWENS & GACH RAY

                                                By  /s/ *Robert B. Owens*
                                                Robert B. Owens, Esq.
                                                Attorneys for Plaintiffs