1  ANDREW P. BRIDGES (CSB No. 122761)
   abridges@fenwick.com
2  MEGHAN E. FENZEL (CSB No. 324139)
   mfenzel@fenwick.com
3  FENWICK & WEST LLP
   801 California Street
4  Mountain View, CA 94041
   Telephone: 650.988.8500
5  Facsimile: 650.938.5200

6  ARMEN N. NERCESSIAN (CSB No. 284906)
   anercessian@fenwick.com
7  FENWICK & WEST LLP
   555 California Street, 12th Floor
8  San Francisco, CA 94104
   Telephone: 415.875.2300
9  Facsimile: 415.281.1350

10 Attorneys for Defendant
   CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendant. | Case No.: 2:18-cv-09453-MWF-AS <br><br> **DEFENDANT CLOUDFLARE, INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER CASE** <br><br> Date: March 4, 2019 <br> Time: 10:00 a.m. <br> Ctrm.: 5A <br> Judge: Hon. Michael W. Fitzgerald |

# TABLE OF CONTENTS

**Page**

I. NUMEROUS DECISIONS, INCLUDING SEVERAL OF THIS COURT, RULED THAT PLAINTIFF'S CHOICE OF FORUM DESERVES MINIMAL CONSIDERATION. .................................................. 1

II. PLAINTIFFS OFFER NO FACTS TO CONTRADICT THE CONVENIENCE AND THE INTEREST-OF-JUSTICE FACTORS FAVORING TRANSFER TO THE NORTHERN DISTRICT ...................... 4

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Catch Curve, Inc. v. Venali, Inc.*,
  No. CV 05-04820 DDP AJWX, 2006 WL 4568799 (C.D. Cal. Feb. 27, 2006) ................................................................................................... 3

*Free-Flow Packaging Int'l, Inc. v. Automated Packaging Sys., Inc.*,
  No. 17-6398, 2017 WL 8941278 (C.D. Cal. Nov. 2, 2017) ......................... 2, 4, 5

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ........................................................................ 1

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
  No. 13-8122, 2014 WL 12586380 (C.D. Cal. Apr. 14, 2014) ........................ 3

*Nutrition Distribution LLC v. Lecheek Nutrition, Inc.*,
  No. 15-1322, 2015 WL 12659907 (C.D. Cal. June 5, 2015) ........................ 2

*Signal IP, Inc. v. Ford Motor Co.*,
  No. LA CV14-03106, 2014 WL 4783537 (C.D. Cal. Sept. 25, 2014) ........... 2

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ........................................................................................ 1

*Stock v. Xerox Corp.*,
  No. SACV-15-01747, 2016 WL 5867436 (C.D. Cal. Apr. 13, 2016) ......... 2, 3

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
  No. 03-3711, 2003 WL 22387597 (N.D. Cal. Oct. 14, 2003) ...................... 2

**STATUTES**

28 U.S.C. § 1404(a) ...................................................................................... *passim*

**OTHER AUTHORITIES**

15 Wright, Miller and Cooper, Federal Practice and Procedure § 3848 ........... 3

   The plaintiffs concede the threshold criterion for transfer of the case: they could have brought this case in the Northern District of California, where Cloudflare asks this Court to send the case. Dkt. 26 ("Opp.") at 5:7-8.

   Once the threshold criterion is satisfied, as it has been in this case, in deciding motions to transfer venue, the courts use their broad discretion based on (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Missing from the plaintiffs' opposition is any fact related to these factors which suggests that this District is preferable to the Northern District for either party, for any witness, or in the interests of justice.

   While the plaintiffs also give lip service to the requirement that a court "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness,'" Opp. at 4 (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), in turn quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (citation omitted)), they argue *against* such an individualized consideration by repeatedly referring to a closed case before Judge Wu, even though Judge Wu determined that this case is not related to that one.[1] They also distort the standard under section 1404(a) by suggesting that plaintiffs' choice of forum prevails where neither plaintiffs nor the circumstances of the case have a substantial connection to the forum.

### I. NUMEROUS DECISIONS, INCLUDING SEVERAL OF THIS COURT, RULED THAT PLAINTIFF'S CHOICE OF FORUM DESERVES MINIMAL CONSIDERATION.

   Plaintiffs ignore not only the circumstances specific to this case but also

---

[1] The plaintiffs suggest that Cloudflare has waived the right to challenge convenience by participating in earlier litigation here. They are ignorant of the fact that the substantial additional expense of litigating here in the earlier case now leads Cloudflare to challenge this venue as inconvenient. The previous case, which settled on the eve of trial, involved substantial additional expense and disruption of employees beyond what a trial in its home District would involve. Plaintiffs' use of this argument is also incongruous with the individualized, case-by-case standard that courts apply when analyzing motions to transfer cases.

numerous decisions of this Court. In *Nutrition Distribution LLC v. Lecheek Nutrition, Inc.,* No. 15-1322, 2015 WL 12659907 (C.D. Cal. June 5, 2015), the Court held that a plaintiff's choice deserves only "minimal consideration" where the plaintiff is from outside the forum. The plaintiffs similarly failed to acknowledge *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711, 2003 WL 22387597 (N.D. Cal. Oct. 14, 2003), upon which this Court relied in *Nutrition Distribution*. In that case the court stated: "the transfer statute has a built-in mechanism to remedy the evils of forum shopping by giving little or no weight to the plaintiff's choice of forum away from home and without ties to the controversy." *Wireless Consumers Alliance,* 2003 WL 22387598 at *5.

In another decision, this Court, quoting yet another opinion of this District, reinforced that "the weight accorded to a plaintiff's forum choice may be discounted in 'a variety of circumstances, including: when the party who has selected the challenged forum does not reside there . . . and when the chosen forum lacks a *significant* connection to the activities alleged in the complaint.'" *Free-Flow Packaging Int'l, Inc. v. Automated Packaging Sys., Inc.*, No. 17-6398, 2017 WL 8941278, at *4 (C.D. Cal. Nov. 2, 2017) (emphasis added) (quoting *Signal IP, Inc., v. Ford Motor Co.*, No. LA CV14-03106 JAK (JEMx), 2014 WL 4783537, at *3 (C.D. Cal. Sept. 25, 2014)). The Court observed that the plaintiff's witnesses would have equivalent inconvenience in either court but the defendant's witnesses would face significant inconvenience traveling to a district away from their home, and it transferred the case to the defendant's home district. The Court also observed that the inconvenience that justifies a transfer under section 1404(a) may be much less than the inconvenience that is necessary for *forum non conveniens*. *Id.* at *3.

In *Stock v. Xerox Corp.*, No. SACV-15-01747, 2016 WL 5867436 (C.D. Cal. Apr. 13, 2016), this Court adopted the reasoning and language of another case of

this District:

> "[D]eference to the plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum."

2016 WL 5867436 at *4 (quoting *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWX, 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006)). The Court transferred the case to where the defendant maintained its operations and where most of witnesses resided, noting that the plaintiff's contact with the Central District was "tenuous at best" and deserved "little deference." *Id.* at *4.

In *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 13-8122, 2014 WL 12586380 at *1 (C.D. Cal. Apr. 14, 2014), the Court granted a defendant's motion to transfer an infringement case to the Northern District of California, observing that typically courts do not defer to a plaintiff's choice of forum when the operative facts have not occurred in the district, the district has no interest in the suit, and plaintiff is outside its home forum. The Court also noted that plaintiff (like the plaintiffs here) was unable to name any potential witnesses for whom the Central District would be a more convenient venue. *Id.* at *2. Only the plaintiff's choice of district weighed against transfer, as here, yet the Court transferred the case.

Prominent treatises support this Court's transfer of cases like this one. Wright and Miller, for example, state that a plaintiff's forum choice deserves little deference where the plaintiff is not a resident and the district has no obvious connection to the case. 15 Wright, Miller and Cooper, Federal Practice and Procedure § 3848 at 375. A transfer to a corporate defendant's place of business is

particularly appropriate in copyright infringement cases. *Id.* § 3849.

## II. PLAINTIFFS OFFER NO FACTS TO CONTRADICT THE CONVENIENCE AND THE INTEREST-OF-JUSTICE FACTORS FAVORING TRANSFER TO THE NORTHERN DISTRICT.

In the face of all the authority of this Court and District transferring cases away from a plaintiff's choice of forum, the plaintiffs have nothing to offer.

The plaintiffs do not discuss any witnesses other than the witnesses that Cloudflare identified, all of whom are in the Northern District of California. The plaintiffs do not refer to their own witnesses, and they do not identify any third-party witnesses whose convenience would be relevant to the motion.

The plaintiffs do not identify any contacts that they have with this District.

The plaintiffs do not identify any reason they filed the lawsuit in this District. (The reason, however, is obvious from their numerous references to a closed case that an unrelated party, ALS Scan, brought against Cloudflare, which is irrelevant to consideration of transfer of *this* case.)

The plaintiffs do not identify any facts in the litigation that pertain to this District. While the plaintiffs mention that one of Cloudflare's 150+ automated data centers is in Los Angeles, that point is irrelevant. There is no debate here about personal jurisdiction or proper venue. The question, instead, is the convenience of parties and witnesses under 28 U.S.C. § 1404(a). As Cloudflare showed in its opening papers, it has no witnesses or evidence in this District; they are all in the Northern District of California.

This Court previously rejected an argument like the plaintiffs' here. In *Free-Flow Packaging*, the plaintiff argued that the presence of one of the defendant's three US sales offices made venue more convenient in this District. The Court noted the strength of the plaintiff's "quantitative" argument (distinguishing one of three locations as different from a situation where the venue was one of 50 or more

similar locations, which is much more like this case) but focused on the "center of gravity" of the conduct underlying the alleged infringement. That center of gravity was where the research, development, and manufacturing of allegedly infringing products occurred. *Id.* at *5-*6. The reasoning of that case calls for transfer of this case: Cloudflare has merely one data center in Los Angeles out of its 150+ data centers, and all Cloudflare's operations relevant to the case (including its engineering, customer support, and trust-and-safety teams) are in San Francisco. The "center of gravity" is indisputably in the Northern District of California.

The plaintiffs do not assert any inconvenience to them from transfer of the case to the Northern District of California. The plaintiffs show that they can take depositions in San Francisco, revealing that they have no problems going to San Francisco for proceedings in the case. Opp. at 7:14-15.

The plaintiffs falsely suggest that this District is "home turf" to Cloudflare just because this District is in the same state as the Northern District. Opp. at 7:10-11. The question is not what *state* is appropriate for the litigation, but what *district* is appropriate.

The plaintiffs concede that witnesses will be inconvenienced and forced to travel for trial, but they trivialize the inconvenience. Opp. at 7:12-17. Why do they consider the inconvenience to be small? They provide a telling answer: the inconvenience will burden Cloudflare and its witnesses "only . . . in the event of a trial." *Id.* They suggest the uncertainty of a trial twice in four lines in the brief. *See id*. Only the possibility that *no* trial will occur appears to make the inconvenience to witnesses small. *See id.* at 7:12-14. That is a nonsensical approach to the question of inconvenience of litigation.

The plaintiffs also discount the inconvenience of the central witnesses, resident in San Francisco, by arguing that they are Cloudflare employees and not unrelated witnesses. But section 1404(a) refers expressly to the convenience of

*parties and* witnesses, and there is no reason to discount the inconvenience to both Cloudflare and its witnesses from the need for employees to travel away from home, likely for several days, for trial. Moreover, the plaintiffs do not identify any other witnesses or discuss the relative convenience of the forums to *them*.

Section 1404(a) calls for a *balancing* of the convenience of the parties and the witnesses in the interest of justice. The plaintiffs have only an artificial desire to litigate here, and countless cases say that is not enough. On every relevant criterion of convenience and the interests of justice, the plaintiffs cannot contradict the manifest balancing of considerations that favors transfer:

| **Do the parties reside or have significant contacts here?** | **No, favoring transfer** to N.D. Cal., where Cloudflare resides. Plaintiffs identified no contacts, and they conceded (Opp. at 6:13-14) that their contacts do not favor this District. |
|---|---|
| **Does the case have a factual connection here?** | **No, favoring transfer** to N.D. Cal., the center of gravity of Cloudflare's operations that are relevant to the case. Plaintiffs identified no factual connection of this case with the District other than (a) the presence of only one of Cloudflare's 150+ data centers and (b) a closed case by another plaintiff, to which this case is unrelated. |
| **Are there differences in cost of litigation in the two different forums?** | **Yes for Cloudflare and no for the plaintiffs, favoring transfer**: litigating here imposes substantial additional expenses for Cloudflare, while transfer would not make a difference in litigation cost to the plaintiffs. |

| | |
|---|---|
| **Is there different ease of access to sources of proof in the two different forums?** | **Yes for Cloudflare and no for the plaintiffs, favoring transfer:** all Cloudflare's records and its witnesses are in N.D. Cal. Plaintiffs have identified no sources of proof (including witnesses) or their locations. |
| **Does transfer affect convenience to witnesses?** | **Yes, favoring transfer** to N.D. Cal., which is more convenient for Cloudflare's witnesses who reside there. Plaintiffs identified no witnesses. |
| **Does transfer affect convenience to parties?** | **Yes, favoring transfer** to N.D. Cal., where Cloudflare's headquarters and management are; it makes no difference to the Utah- and New Jersey-based plaintiffs. |
| **What does the interest of justice call for?** | **The interest of justice calls for transfer** to avoid the plaintiffs' forum shopping; N.D. Cal. is capable of adjudicating the case; timelines are not materially different; and C.D. Cal. has a judicial emergency. |

Because the plaintiffs have offered no relevant facts to oppose Cloudflare's motion, the Court should grant the motion and transfer the case to the Northern District of California.

For all these reasons, the Court should grant Cloudflare's motion and direct the Clerk to transfer the case to the Northern District of California.

Dated: February 21, 2019                FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.

CLOUDFLARE'S REPLY ISO MOTION TO TRANSFER CASE     7     CASE NO. 2:18-CV-09453-MWF-AS

**CERTIFICATE OF SERVICE**

I certify that on, February 21, 2019, I caused the Court's CM/ECF electronic filing system to serve this document upon all counsel of record.

By: */s/ Andrew P. Bridges*
    Andrew P. Bridges