UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 18-9453-MWF (ASx)          **Date:** March 11, 2019
**Title:** Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**     ORDER RE: MOTION TO TRANSFER [24]

Before the Court is Defendant Cloudflare, Inc.'s ("Cloudflare") Motion to Transfer Case to the Northern District of California for the Convenience of Parties and Witnesses (the "Motion"), filed on January 16, 2019. (Docket No. 24). Plaintiffs Mon Cheri Bridals, LLC ("Mon Cheri") and Maggie Sottero Designs, LLC ("Maggie Sottero") filed an Opposition on February 1, 2019. (Docket No. 26). Cloudflare filed a Reply on February 21, 2019. (Docket No. 31).

The Court has read and considered the papers on the Motion, and held a hearing on March 4, 2019.

For the reasons discussed below, the Motion is **GRANTED**. Cloudflare has established that transferring this action to the Northern District will be more convenient for the parties and witnesses, promote efficiency, and better serve the interests of justice.

## I.    BACKGROUND

Plaintiffs commenced this action on November 7, 2018. (*See* Complaint (Docket No.1)). The First Amended Complaint ("FAC") was filed on February 6, 2019. (Docket No. 28). The FAC asserts two claims for relief for direct and contributory copyright infringement. (*Id.* ¶¶ 46-54).

Plaintiff Mon Cheri is a Delaware limited liability company with its principal place of business in New Jersey. (*Id.* ¶ 4). Plaintiff Maggie Sottero is a Utah limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-9453-MWF (ASx)**                          **Date:  March 11, 2019**
**Title:**     Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

liability company with its principal place of business in Utah.  (*Id.* ¶ 5).  Cloudflare is a Delaware corporation with its principal place of business in San Francisco.  (*Id.* ¶ 6; Declaration of Justin Paine ("Paine Decl.") ¶¶ 5-6 (Docket No. 24-2)).

The FAC and the parties' filings contain the following allegations:

Plaintiffs are two of the largest manufacturers and wholesalers of wedding dresses and social occasion wear in the United States.  (FAC ¶ 9).  Plaintiffs have developed unique and original wedding and social occasion dress patterns, and Plaintiffs own the copyrights in and to these designs.  (*Id.*).  Plaintiffs also own the copyrights in photographic images of those dress designs.  (*Id.* ¶ 10).  Plaintiffs' ability to market their unique dress designs to consumers is driven largely by the images of their dresses, which appear on their websites and in other marketing materials.  (*Id.* ¶ 11).

Cloudflare is a "web performance and security company" offering (1) a content delivery network ("CDN"); (2) web content optimization; (3) website security; (4) denial of service protection; and (5) a managed domain name system network.  (*Id.* ¶ 22).  Cloudflare's CDN service is designed to speed a consumer's access to the website of Cloudflare's client through a series of data centers maintained by Cloudflare that cache mirror copies of that site.  (*Id.* ¶ 25).  Cloudflare operates over 155 such data centers around the world.  (Paine Decl. ¶ 2).  Consumers seeking to access the website of a Cloudflare client can retrieve the site from the closest Cloudflare data center rather than accessing the site from the primary host.  (FAC ¶ 25).  The result is that a website, on average, loads twice as fast for visitors regardless of where they are located.  (*Id.*).

Various Internet websites, including ones serviced by Cloudflare, have manufactured, imported, distributed, offered for sale, and sold counterfeit goods, including bridal gowns, social occasion dresses, prom dresses, and other formalwear and have sold these counterfeit goods through the use of pirated copies of Plaintiffs' photographic images.  (*Id.* ¶ 12).  Plaintiffs have received numerous complaints from consumers who reported purchasing what they believed were genuine dresses on these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-9453-MWF (ASx)          **Date:** March 11, 2019
**Title:** Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

types of authentic-looking websites, only to receive counterfeit dresses of vastly inferior quality. (*Id.* ¶ 17).

When presented with a notice of infringement, Cloudflare asserts that it is itself unable or unwilling to remove any infringing content, that it is merely a "pass-through security service," and that the copyright owner must contact its customer to seek removal of the infringing content. (*Id.* ¶ 26).

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). However, a motion to transfer should not merely shift the inconvenience from the moving party to the opposing party. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (affirming the denial of a transfer because the transfer "would merely shift rather than eliminate the inconvenience").

"The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009); *see also Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988) ("In seeking to transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's choice of forum should not be easily overturned"). The threshold question under Section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought." *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010).

"If venue would be appropriate in the would-be transferee court, then the court must make an individualized, case-by-case consideration of convenience and fairness." *Roling*, 756 F. Supp. 2d at 1184. As part of this analysis, the Court may consider a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-9453-MWF (ASx)     **Date:**  March 11, 2019
**Title:**     Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

number of factors, including but not limited to (1) the location where the relevant agreements were negotiated and took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### III.    **DISCUSSION**

As a threshold matter, the parties do not dispute that this action could have been brought in the Northern District.  (*See* Mot. at 4; Opp. at 5).

Proceeding through the relevant factors of the transfer analysis, the Court concludes that the Motion should be granted.

***Plaintiff's choice of forum.***  Obviously, Plaintiffs chose to file this action in this District.  "The most important consideration [in analyzing whether transfer promotes the interests of justice] is whether the plaintiff's chosen forum, which is generally given substantial weight, should be disregarded."  *Stock v. Xerox Corp.*, No. 15-cv-1747-MWF (KESx), 2016 WL 5867436, at *4 (C.D. Cal. Apr. 13, 2016).  "[P]laintiff's choice of forum should not be easily overturned."  *STX, Inc.*, 708 F. Supp. at 1555-56.  However, deference to a plaintiff's choice of forum "is diminished if the moving party establishes" that "the operative facts have not occurred within the forum," "the forum has no particular interest in the parties or subject matter," the forum is not the primary residence of either party, or the subject of the litigation is not substantially connected to the forum.  *Stock*, 2016 WL 5867436, at *4 (quoting *Catch Curve, Inc. v. Venali, Inc.*, No. 05-cv-4820-DDP (AJWx), 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006)).

Here, neither Plaintiff resides in California, and Plaintiffs admit that their contacts with the Central District "are no greater or less than those with the proposed forum." (Opp. at 6).  Furthermore, Cloudflare's only connection to the Central District appears to be one local data center, which is at best a tenuous connection.  (*See id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-9453-MWF (ASx)          **Date:**  March 11, 2019
**Title:**      Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

5). Neither is there any indication that this venue has a special interest in this litigation apart from efficiently and fairly resolving the dispute between the parties.

Accordingly, the Court accords little weight to Plaintiffs' choice of forum.

***Convenience of the witnesses.*** "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). The convenience of non-party witnesses is of primary importance. *Id.*

Cloudflare argues that its representatives with the most relevant knowledge about how Cloudflare operates—including, among other things, how Cloudflare's systems function and how Cloudflare receives and responds to abuse issues—are all located in the San Francisco area. (Mot. at 3). Specifically, Cloudflare identifies two of these potential witnesses as Albert Lee Guinn, head of solution engineering, and Justin Paine, director of trust and safety. (*Id.*).

In response, Plaintiff argues, and reiterated at the hearing, that any potential inconvenience of Cloudflare having to litigate in the Central District would be *de minimis* and that these witnesses "will only be inconvenienced and forced to travel in the event of a trial," since all pretrial discovery involving these two witnesses can be held in San Francisco. (Opp. at 2, 7).

The Court is not persuaded by Plaintiffs' response, especially since Plaintiffs do not identify any potential witnesses for whom the Central District would be a more convenient venue. Although the convenience of party-employee witnesses is less important than the convenience of nonparty witnesses, *see Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009), the lack of any possible witnesses in the Central District makes this factor weigh somewhat in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-9453-MWF (ASx)          **Date:** March 11, 2019
**Title:**     Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

    *State that is most familiar with the governing law.* The parties do not dispute that, given that the present action is for copyright infringement, any federal court would be equally capable of adjudicating these claims.

    Accordingly, this factor is neutral.

    *Costs of litigation.* "The relative ability of litigants to bear the expenses of trial in a particular forum is a factor to be considered in ruling on a motion to transfer." *Toy v. General Elec. Co.*, No. CV 95-20060-RPA, 1995 WL 396848, at *3 (N.D. Cal. June 27, 1995).

    Cloudflare argues that it would be less costly for it to litigate in the Northern District, where its headquarters and material party witnesses are located. (Mot. at 7). Cloudflare further argues that the costs of travel for Plaintiffs from their respective locations in New Jersey and Utah would be equivalent whether travelling to San Francisco or Los Angeles. (*Id.*). In response, Plaintiffs argue that "Cloudflare is a large company with vast resources and wide reach – it cannot plausibly claim any type of financial hardship from having to litigate in the *same* state where it maintains its corporate headquarters." (Opp. at 7 (emphasis in original)). Plaintiffs argue further that Cloudflare's argument that it would be inconvenienced by litigating in this District is belied by the fact that Cloudflare previously litigated a copyright infringement action in this District from 2016 to 2018. (*Id.* at 2).

    Cloudflare responds that the previous case indeed "involved substantial additional expense and disruption of employees beyond what a trial in its home District would involve," which led Cloudflare to challenge this District as inconvenient in the present action. (Reply at 1 n.1). Cloudflare reiterated at the hearing the significant cost it would face if it had to litigate in the Central District.

    For the reasons Cloudflare noted, the Court concludes that there is a possibility of achieving greater judicial economy and lower litigation costs if the case were to transfer to the Northern District.

    Accordingly, this factor weighs in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-9453-MWF (ASx)         **Date:** March 11, 2019
**Title:** Mon Cheri Bridals, LLC, et al. v. Cloudflare, Inc., et al.

*Ease of access to sources of proof.* Although the physical location of documents no longer carries much weight in the transfer analysis given that technology has made it easier for documents to be transferred to different locations, ease of access to sources of proof is still a relevant factor to consider. *See Metz*, 674 F. Supp. 2d at 1149.

As noted above, Cloudflare and material party witnesses are located in the San Francisco area. For many of the reasons already discussed, such as convenience of the witnesses, the Court concludes that access to sources of proof is more readily available in the Northern District.

Accordingly, this factor weighs slightly in favor of transfer.

In sum, the Court accords little weight to Plaintiffs' choice of forum and concludes that most of the remaining *Jones* factors weigh in favor of transfer.

## IV. CONCLUSION

For the reasons discussed above, the Motion is **GRANTED**.

The Clerk of the Court is **ORDERED** to transfer this action to the United States District Court for the Northern District of California.

IT IS SO ORDERED.